State Nat'l Bank v. Bank of Magdalena, 21 N. M. 653.

[No. 1843, May 4, 1916.]

# STATE NATIONAL BANK OF ALBUQUERQUE v. BANK OF MAGDALENA.

## SYLLABUS BY THE COURT.

Where a bank, in good faith and for value, purchases from an indorser or holder a check upon another bank, and thereupon indorses and forwards the same to its collection agency for its collection, and the same is presented by the collection agency to the drawee bank and is paid by the drawee bank, the drawee bank, upon discovering the check to be a forgery, cannot recover the money back from the bank to whom it was paid, in the absence of negligence by the latter.

Appeal from District Court, Bernalillo County; H. F. Raynolds, Judge.

Action by the State National Bank of Albuquerque against the Bank of Magdalena. From judgment for defendant, plaintiff appeals. Affirmed.

MARRON & WOOD of Albuquerque, for appellant.

A bank which, without fault or negligence, pays forged check, in mistaken belief that it is genuine, may recover payment from party receiving it, as money paid under mistake of fact, or party who took check from forger and afterwards received the money is chargeable with negligence, and payment may be recovered.

American Exp. Co. v. State Nat. Bank, 113 Pac. 711; First Nat. Bank v. Bank of Wyndore, 125 A. S. R. 588; First National Bank v. Stover, (N. M.) unreported; Farmer's Nat. Bank v. Farmers' & Traders' Bank, 166 S. W. 986; McEleroy & Bradford v. Souther Bank, 74 Am. Dec. 438; National Bank of North America v. Bangs, 106 Mass. 441; Bank v. Bank, 21 A. S. R. 450; Ellis v. Ohio Life Ins. Co., 64 Am. Dec. 610.

MANN & NICHOLAS of Albuquerque, for appellee.

Under facts of this case there was no negligence on part of purchasing bank, as a matter of law.

Germania Bank v. Boutell, 60 Minn. 189, 62 N. W. 327, A. R. S. 27 L. R. A. 635; State Bank of Chicago v. First National Bank of Omaha, 87 Neb. 351, 27 N. W. 244, 29 L. R. A. (N. S.) 100; Bank v. Bank, 30 Md. 11, 96 A. D. 554; Bank v. Bank, (Minn.) 125 N. W. 119, 26 L. R. A. (N. S.) 849; Bank v. Chapman, 122 Tenn. 415; Deposit Bank v. Fayette Nat. Bank, 90 Ky. 10, 13 S. W. 339, 7 L. R. A. 849.

No recovery can be had on ground of mistake.

Bank v. Bank, 159 Ky. 141, 166 S. W. 986, L. R. A. 1915A, 77, 80; Price v. Neal, 3 Burr, 1355; Bank v. Bank, 10 Wheaton, 120, 6th Law Ed. 334; Germania Bank v. Boutell, 60 Minn. 189, 62 N. W. 327, 51 A. S. R. 519, 27 L. R. A. 635; Bank v. Bank, 125 N. W. 119, 26 L. R. A. (N. S.) 849; Bank v. Bank, 46 N. Y. 77, 7 Am. Rep. 310; Bank v. Bank, (Iowa) 44 L. R. A. 131; Bank v. Bank, 59 Or. 388, 117 Pac. 293; Bank v. Bank, 141 Mo. App. 719, 125 S. W. 513.

Negotiable Instruments Law precludes recovery.

Chap. 83, L. 1907; 2 Daniels Neg. Inst. (6th ed.) sec. 1657; Bank v. Bank, (Mo.) 127 S. W. 429; Bank v. Bank, (Mo.) 125 S. W. 513; Bank v. Butler, 113 Tenn. 574, 83 S. W. 657; Bank v. Trust Company, (Okla.) 125 Pac. 464; Bank v. Bank, (Or.) 117 Pac. 293.

## STATEMENT OF FACTS.

This is an action by the payee of two checks to recover from the holder thereof, money paid to satisfy the same. The plaintiff, or payee of the checks, is appellant here and appeals from the judgment dismissing the complaint, the essential facts of which are substantially as follows:

On or about July 25, 1913, the plaintiff paid to the defendant bank the face value of the two checks which had been presented to defendant bank and cashed by it a few days prior thereto by one Steve Barrett. The forged checks purported to have been drawn by one J.

W. Cox, who was a depositor in the plaintiff bank. It is alleged in the complaint that the officers of the defendant bank were well acquainted with the said J. W. Cox, and with his signature, and were careless and negligent in the cashing of the said checks without making any effort to ascertain the authenticity of the checks or signatures, or making any effort to identify or ascertain who Steve Barrett, the payee therein named, was, or his relationship to J. W. Cox, the alleged maker. It is further alleged in the complaint that the checks were presented to the plaintiff in the due and ordinary course of business of clearances through other banks, and that the plaintiff bank, believing and relying upon assurance that the defendant had used due care and diligence in ascertaining the authenticity of such checks and the ownership of the said Steve Barrett thereof, and the genuineness of the signature of the said J. W. Cox thereto, and without any fault or negligence on its part had paid the face value of said checks to the defendant bank. The plaintiff further alleged that as soon as it discovered that the checks were forgeries it had duly notified defendant and demanded repayment of the sums previously paid, and that defendant refused to repay the same to plaintiff. The defendant bank admitted that its cashier and paying officer was well acquainted with the said J. W. Cox, but denied that he was sufficiently acquainted with his signature and handwriting to be able to determine the genuineness of the said checks, and while admitting that it paid the said checks when presented by the said Steve Barrett, the payee named therein, it denied the charge of carelessness or negligence in the payment of the same, or that it failed to make any effort to identify the payee or his relationship to J. W. Cox, and alleged the facts to be that plaintiff, although having paid the checks on the 25th day of July, 1913, negligently failed to notify the defendant that the checks were forgeries until the 5th day of September, 1913.

The evidence discloses that the payee, Steve Barrett, was introduced to an officer of the defendant bank as an

employé of one Cole Railston, a cattle man residing in that vicinity, and that the circumstances and appearances of the payee were not such as to arouse suspicion, and that the checks were cashed in due course of business and in good faith by the defendant bank. There is no evidence of any neglect on the part of the defendant bank, or of any suspicious circumstances or knowledge of the conditions surrounding the checks as subsequently developed.

Numerous findings of fact were made by the trial court, among others as to the date of payment of the checks, the date of discovery of the forgery, which was the first week in August, and the day on which the plaintiff bank notified the defendant bank thereof, which was September 5, 1913. It was also found that there was no evidence to indicate the defendant bank had suffered any injury because of the delay of one month in notifying as to the forgeries. The court also found that there was no actual negligence on the part of defendant in failing to discover that the checks were forgeries before paying them, excepting for the presumption of law that a drawee bank is presumed to know the signature of the drawer on paper presented to it. That the record fails to show any negligence on the part of defendant bank, but does show that the defendant used due diligence in having the payee named in said checks duly identified before paying the same.

## OPINION OF THE COURT.

HANNA, J. (after stating the facts as above.)—It is contended by appellant that by reason of the fact that the plaintiff, without any actual fault or negligence upon its part, paid to the defendant the amount of the checks under a mistaken belief of both parties in their genuineness, and because the defendant was negligent in failing to make either further inquiry or investigation, before purchasing from a strange laborer the two large checks (aggregating $580), both dated the same day, and purporting to be drawn by a man other than his employer, that under the general rule that money paid under excusable

State Nat'l Bank v. Bank of Magdalena, 21 N. M. 653.

mistake of fact may be recovered, the plaintiff is entitled to recover in this case the amount of money so paid, or in any event, by reason of the negligence of the defendant who took the checks from the forger, and afterwards received the money from the plaintiff, a recovery of the amount from such negligent party, or defendant, should be permitted.

There is no controversy, and there can be none, concerning the general rule that money paid under a mistake of fact may be recovered back. But, as stated in the case note following the case of First National Bank of Lisbon v. Bank of Wyndmere, reported in 10 L. R. A. (N. S.) 49, at page 73, an exception to this general rule is recognized:

"Where payment was made by a drawee of a forged check or draft under the mistaken supposition that the signature thereto was genuine, based upon the theory that a drawee has better facilities for acquainting himself with the handwriting of his correspondent or depositor, than has one into whose hands the paper has fallen incidentally in the course ci business; and that, therefore, where he has recognized the drawer's signature by payment or acceptance, he is estopped to assert that it is a forgery."

This exception to the rule is favored by the great weight of authority, although distinguished courts, in able opinions, and several text-writers, find occasion to differ with the exception and favor the right to recovery under the circumstances referred to. The case referred to in 10 L. R. A. is from the Supreme Court of North Dakota; one of the courts refusing to follow the general rule. The cases following the general rule are collected in the case note referred to, and also in a case note following the case of Spokane & Eastern Trust Co. v. Huff, reported in Ann. Cas. 1912D, at page 491. See, also, State Bank of Chicago v. First National Bank of Omaha, 87 Neb. 351, 127 N. W. 244, 29 L. R. A. (N. S.) 100, and case note collecting cases.

The general rule is thus stated in Michie on Banks and Banking, vol. 2, p. 1496:

"Since the case of Price v. Neal (3 Burrows, 1354), the general rule has been, and is, that, when the dawee of a check, draft, or bill of exchange pays the same to a bona fide holder, such drawee cannot recover the money back upon discovering such check, draft, or bill to be a forgery. The drawee is presumed to know the signature of the drawer, and if, when the check or bill is presented to the drawee for payment, he pays the same, and it afterwards turns out to be a forgery, he cannot recover the money back from the person to whom he paid it.'

We are not unmindful of the fact that the exception to the general rule of the right to recover money when paid through mistake is severely criticized by eminent text-writers, and we have made a careful study of the criticisms urged. The question is ably discussed by Mr. Daniel in his work on Negotiable Instruments (6th ed.) § 1361, p. 1536. It is evidently that distinguished author's opinion that when the holder has received a bill after its acceptance the acceptor stands towards him as a warrantor of its genuineness, in which event the acceptor should be absolutely bound, and that the reverse of this rule is true, in a case of unaccepted bills presented to the drawee for acceptance or payment.

While there is considerable merit in the objection urged to the rule, which has met with general favor, as is evidenced by the long line of authorities following it, we believe that the text-writers and authorities departing from this rule, which is really an exception to a general rule favoring the recovery of money paid under mistake, lose sight of the fact that checks and other mediums of exchange have become more common agencies of the business world than even the use of money, and were the takers of checks or bills of exchange required to stop and make an investigation or otherwise proceed at their peril, this medium of exchange would be so prejudiced in the eyes of the business world as to bring about a condition that would shortly prove intolerable. We do not overlook the fact that the so-called exception to the general rule is not without qualification, and it has been generally considered that the holder takes upon himself the duty of exercising some material precaution to prevent

fraud, and where he has by negligent conduct contributed to induce the drawee to act upon the paper as genuine, and to advance money upon it he is barred of recovery. We are not confronted with this qualification, however, because the court found in the case at bar that the defendant bank had not been negligent. . This finding, after an examination of the record, we find to be supported by the evidence.

We do not deem it necessary to lengthen this opinion by discussing the numerous cases pro and con upon the question here presented. They are sufficiently referred to· and discussed in the several notes to which we have made reference, and in the numerous cases collected therein.· We deem it only necessary to say that we find no reason for departing from the rule which has seemed to meet with quite general favor in nearly all the jurisdictions of this country, and we therefore conclude that where a bank, in good faith and for value, purchases from an indorser and forwards the same to its collection agency for its collection, and the same is presented by the collection agency to the drawee bank, and is paid by the drawee bank, the drawee bank, upon thereafter discovering the check to be a forgery, cannot recover the money back from the bank to whom it was paid, in the absence of negligence by .the latter. This statement of the law covers the facts of this case precisely, as the defendant forwarded the two checks to the First National Bank of Albuquerque for collection, by which bank the checks were presented to the plaintiff bank, appellant here, and by that bank paid without protest. It is pointed out that under the Uniform Negotiable Instruments Act, which has been adopted in this jurisdiction, the question under consideration would necessarily be settled in the manner in which we have passed upon it, and we are inclined to agree with this contention. The Supreme Court of Oklahoma, in an early case, declined to follow the general rule, but after the adoption of the Negotiable Instruments Act in that jurisdiction held that by the act it was evidently intended to adopt the ·law· as ·de-

clared in Price v. Neal. See Bank v. Trust Co., 33 Okl. 342, 125 Pac. 464. In the same connection it is laid down by Mr. Daniels, in his work on Negotiable Instruments (6th ed.) 1868, that:

"In the case of checks is seems generally to be held that the states which have enacted the statute have adopted the rule announced in Price v. Neal, * * * and under that rule where a drawee bank pays a check to a bona fide holder, such drawee cannot recover the money back upon discovering such check to be a forgery."

We therefore conclude that the right of recovery of the plaintiff bank, appellant here, would necessarily be denied under either the general rule or the under the Negotiable Instruments Act. Our conclusion makes it necessary to affirm the judgment of the trial court, and it is so ordered.

ROBERTS, C. J., and PARKER, J., concur.

[No. 1844, May 1, 1916.]
[Rehearing Denied May 27, 1916.]
STATE v. PINO.

SYLLABUS BY THE COURT.